87 F.3d 1320
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jaymie Ann MARTIN, Plaintiff-Appellee,
v.
Pearl Jean K. KAMALU-STAGGS, Deldon James Staggs, and K & S
Backhoe Service, Inc., Defendants-Appellants.
 No. 94-15404.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 8, 1996.
Decided June 4, 1996.
 
 Before: FLETCHER, D.W. NELSON, and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The defendants appeal the voluntary dismissal without prejudice of Jaymie Ann Martin's state civil rights claims, arguing that they should have been dismissed with prejudice as time-barred under Hawaii law. The District Court dismissed these claims without prejudice on two independent and alternative grounds: first, after dismissing Martin's federal claims with prejudice, the court declined to exercise supplemental jurisdiction over her state claims; and second, the court held that dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(2) would not unduly prejudice defendants since Hawaii law did not bar Martin's state claims. We have jurisdiction, 28 U.S.C. § 1291,[1] and we affirm. However, we vacate that part of the district court's order that addresses the authority of the Hawaii Civil Rights Commission ("HCRC") and holds that the state claims are not time-barred.
 
 I. BACKGROUND
 
 3
 In October 1992, Martin filed an administrative complaint with the HCRC alleging employment discrimination by the K & S Backhoe Service, Inc., by company owner Pearl Kamalu-Staggs, and by company supervisor Del Staggs (collectively, "the defendants"). Martin claimed that the defendants denied her an assignment and laid her off because she is a woman, and fired her when she told them she would file a complaint against them with the HCRC.
 
 
 4
 On March 12, 1993, the HCRC at Martin's request closed her administrative case and sent her a right-to-sue letter. The letter explained that she had 90 days to file her legal action. On June 4, 1993, Martin's attorney asked the HCRC to reopen Martin's administrative case, explaining that Martin had requested closure only because she had the mistaken belief that another lawyer would represent her. On June 7, 1993, the HCRC reopened Martin's administrative case. On October 29, 1993, the HCRC again closed Martin's case and issued her a second right-to-sue letter.
 
 
 5
 In the meantime, on July 6, 1993, Martin filed a complaint against the defendants in Hawaii state court, alleging discrimination and bringing causes of action under both state and federal law. The defendants removed the action to the federal district court. Martin filed a second action against the defendants in Hawaii state court, again alleging discrimination but this time bringing only state causes of action. Martin then filed a motion in the federal district court for voluntary dismissal of her federal claims with prejudice, and of her state claims without prejudice. The defendants, on the other hand, moved for dismissal of all of Martin's claims with prejudice. The defendants argued that her state claims were time-barred because under Hawaii law the HCRC lacked the power to reopen Martin's administrative case and issue her a second right-to-sue letter.
 
 
 6
 The district court granted Martin's motion and denied the defendants' motion on alternative grounds. First, the court exercised its broad discretion to decline to exercise supplemental jurisdiction over state claims under 28 U.S.C. § 1367(c)(3) after it has dismissed all federal claims. It also cited, as an alternative ground, the authority granted to the district court under Federal Rule of Civil Procedure 41(a)(2). To demonstrate that defendants would not be prejudiced by a Rule 41 dismissal, the court then went on to hold that Martin's state claims were not time-barred because the HCRC had the authority to reopen Martin's administrative case and issue her a new right-to-sue letter. The defendants timely appeal.
 
 II. DISCUSSION
 
 7
 We review for an abuse of discretion a district court's decision whether to decline supplemental jurisdiction over a state law claim after dismissing all federal law claims. Imagineering, Inc. v. Kiewit Pac. Co., 976 F.2d 1303, 1309 (9th Cir.1992), cert. denied, 507 U.S. 1004 (1993).
 
 
 8
 The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Martin's state law claims after it dismissed her federal law claims.[2] "The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it had original jurisdiction...." 28 U.S.C. § 1367(c)(3). Indeed, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine--judicial economy, convenience, fairness, and comity--will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988). Here, where the district court dismissed Martin's federal claims during the early stages of litigation, and Martin had a simultaneous action in state court regarding the same underlying facts and bringing the same state claims, and those claims raised novel questions of state law (i.e., the powers of the HCRC), the district court's decision to dismiss Martin's state claims without prejudice was not an abuse of discretion.
 
 
 9
 However, since the Hawaii courts have not had the opportunity to address whether the HCRC may reopen an administrative complaint and issue a second right-to-sue letter under the circumstances of a case like Martin's, and since a ruling on these issues is unnecessary to the holding in this case, we vacate Part III.B.2.b of the district court's order, which addressed the HCRC's powers and held that the state claims were not time-barred. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.").
 
 III. CONCLUSION
 
 10
 We affirm the district court's dismissal of Martin's state claims without prejudice, as the court did not abuse its discretion by declining to exercise supplemental jurisdiction over these claims after it dismissed Martin's federal claims. We vacate that portion of the district court's order that addresses the powers of the HCRC and holds that the state claims are not time-barred.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 "A defendant can appeal if the motion for voluntary dismissal is granted, since this is an adverse final judgment...." 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2376 at 418-19 (2d ed. 1995). See, e.g., Stevedoring Servs. of America v. Armilla Int'l B.V., 889 F.2d 919, 920-21 (9th Cir.1989) (exercising jurisdiction pursuant to § 1291 over defendant's appeal regarding costs from district court's grant of voluntary dismissal)
 
 
 [2]
 In 1990, Congress merged the doctrines of pendant jurisdiction (allowing state claims linked to federal claims into federal court) and ancillary jurisdiction (allowing nondiverse parties linked to diverse parties into federal court), forming the new doctrine of supplemental jurisdiction. See 28 U.S.C. § 1367 practice commentary